IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| JAMES DAVIS | NO. 15-138-01 |

### MEMORANDUM OPINION

For a second time, Petitioner James Davis moves for a sentence reduction pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of his health conditions, the dangers posed by COVID-19, the unusually harsh conditions of confinement he has endured due to the pandemic and his good behavior during his incarceration. For the reasons that follow, his motion will be denied.

I.   BACKGROUND

On February 20, 2018, following a 25-day trial, Davis was found guilty of one count of conspiracy to commit honest services wire fraud and extortion under color of official right, one count of honest services wire fraud, two counts of filing a false tax return, and three counts of willful failure to file a tax return. These charges stemmed from a nine-year long public corruption scheme which involved the former Sherriff of Philadelphia, John Green.[1] For his crimes, Davis was sentenced to 121-months of imprisonment, one year of supervised release, $872,395.83 in restitution to the Internal Revenue Service, and a $475 special assessment. Davis is currently serving his sentence at the Federal Correctional Institution Fort Dix located in Fort Dix, New Jersey ("FCI Fort Dix").

---

[1] For a detailed summary of Davis' scheme, see *United States v. Davis*, 841 F. App'x 375, 376-78 (3d Cir. 2021); United *States v. Davis*, 2021 WL 662409, at *1 (E.D. Pa. Feb. 19, 2021).

1

On January 14, 2021, after serving less than two years of his sentence, Davis moved for compassionate release, requesting that his sentence be reduced to time served or, in the alternative, that the terms of his sentence be modified so that he could serve the remainder of his sentence in home confinement.  Davis's motion was denied because such an early release would fail to reflect the seriousness of his crimes, promote respect for the law or afford adequate deterrence.  *Davis*, 2021 WL 662409, at *3.

On or about March 7, 2022, Davis requested compassionate release from the warden of FCI Fort Dix but claims that he has receive no response to his request.  On August 19, 2022, Davis filed the instant Motion for Compassionate Release, requesting that his sentence be reduced to 96 months.  To date Davis has served approximately 40 months of his sentence, but he calculates that a reduced sentence would render him eligible by the end of a year for a program run the Bureau of Prisons ("BOP") through which he could serve the remainder of his sentence at home.

In his instant Motion, Davis claims that he suffers from a panoply of conditions, including arrhythmia, hypertension, atrial fibrillation, kidney stones, high cholesterol, radiation cystitis, prostate cancer and osteoarthritis in his left knee, and a "nonunion fracture with a diffused generative midfoot collapse" in his left foot.  Davis argues that these conditions, coupled with his advanced age of 71, place him at a higher risk of suffering severe illness or death in the event that he contracts COVID-19.  He argues that FCI Fort-Dix faced an "explosion" of cases at the end of 2020 and the first few months of 2021, but that as of February 2022, the prison stopped conducting "group testing" for COVID-19.  He admits that he declined to be vaccinated against COVID-19 but defends his decision on the grounds of his fear that the

vaccine would cause him to "suffer possible long-term effects . . . given the many conditions [he is] already dealing with."

Davis also argues that he has endured especially harsh conditions of confinement due to the BOP's efforts to contain the COVID-19 pandemic, which he contends have "resulted in the severity of [his] sentence exceeding what the court anticipated at the time of [his sentencing]." Finally, Davis cites to his good behavior and the coursework he was completed while incarcerated and the fact that he was convicted for non-violent offenses which are associated with a lower risk of recidivism as additional factors which weigh in favor of a reduction in his sentence. The Government opposes Davis's Motion.

## II.    DISCUSSION

The First Step Act's amendments to Section 3582(c) "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Mark*, 2020 WL 5801495, at *1 (E.D. Pa. Sept. 29, 2020); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . ."). Specifically, provided the prisoner has exhausted his administrative remedies, Section 3582(c) permits a district court to reduce a prisoner's sentence "after considering the factors set forth in section [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's applicable policy statement essentially mirrors this language, adding that a sentence reduction may be granted only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(1)(A)(2).

Here, Davis has exhausted his administrative remedies by unsuccessfully seeking compassionate relief from the warden of FCI Fort Dix, and his motion is therefore ripe for consideration.[2]  His sentence may therefore be reduced if:  (1) extraordinary and compelling circumstances warrant such a reduction; (2) he is not a danger to the safety of another person or to the community; and, (3) release is appropriate in consideration the relevant factors set forth in Section 3553(a).

A.  **Extraordinary and Compelling Circumstances**

While Section 3582 does not define "extraordinary and compelling" circumstances that warrant relief, the Sentencing Commission's policy statement elaborates on the term in an application note.  *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(D).  According to U.S.S.G. § 1B1.13, a defendant's serious physical or medical condition is "extraordinary and compelling" if it "substantially diminishes [defendant's ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."  *Id.*  It is the defendant's burden "to prove extraordinary and compelling reasons exist."  *United States v. Adeyemi*, 470 F. Supp. 3d 489, 512 (E.D. Pa. 2020).  In his Motion, Davis raises three allegedly extraordinary and compelling reasons for his release: (1) his heightened risk of falling severely ill from COVID-19 due to his health conditions; (2) the harshness of the conditions of incarceration he has experienced during the pandemic; and, (3) his good behavior in prison.  None of these reasons constitutes an "extraordinary and compelling" circumstance which warrants his early release.

Davis undoubtedly suffers from severe medical conditions, which had been determined to constitute an "extraordinary and compelling reason" for his release in his first compassionate release motion.  *Davis*, 2021 WL 662409, at *2.  However, the realities of COVID have

---

[2] *See* 18 U.S.C § 3582(c)(1)(A) (explaining that a defendant may bring a motion for compassionate release pursuant to this Act after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility").

drastically changed in the year and a half since the decision on Davis's first Motion was rendered. Since that time, safe and effective vaccines against COVID-19 have become available. Davis's refusal to accept such a vaccine when he was offered one negates his otherwise compelling medical conditions and claim of a heightened risk of serious illness. Indeed, "[i]nmates who refuse the vaccine without just cause forgo a powerful protection against illness; they cannot claim that they are at serious risk while declining a potent tool to reduce that very risk." *United States v. Estevez-Ulloa*, 2022 WL 1165771, at *2 (3d Cir. Apr. 20, 2022).; *see also United States v. Owens*, 2022 WL 1045214, at *3 n.37 (E.D. Pa. Apr. 7, 2022) (collecting cases which denied motions for compassionate release where the petitioners suffered from underlying conditions which increased the risk of severe illness from COVID-19 but refused vaccination when offered).[3]

Davis's argument regarding the conditions of his confinement is similarly unpersuasive. Although the Court does not minimize the havoc COVID-19 has wrought, the "harsh" conditions of confinement adopted in response to the COVID-19 pandemic are applicable to "all inmates and do not in themselves warrant special treatment." *United States v. Hernandez*, 2022 WL 910091, at *6 (E.D. Pa. Mar. 29, 2022); *see United States v. Everett*, 2021 WL 322182, at *2-3 (W.D. Pa. Feb. 1, 2021) (recognizing that "every prisoner in the facility and other BOP facilities is subject to similar conditions" the purpose of which "is to protect the health of inmates and facility staff during a once-in-a-century pandemic." (internal citations, alterations and quotation marks omitted)); *United States v. Johnson*, 2021 WL 4120536, at *3 (S.D.N.Y. Sept. 9, 2021) ("[A]lthough the pandemic has made prison conditions harsher than usual, those are

---

[3] The Court notes that Davis also claims that he needs a knee replacement and orthopedic inserts, which he cannot receive unless he is transferred to a different prison in Kentucky. He contends that his condition will worsen until he receives such treatment. His medical records, however, do not so indicate.

circumstances that all inmates have had to endure."). These conditions therefore do not constitute "extraordinary or compelling circumstances" which merit a reduction in Davis's sentence. *United States v. McLean*, 2021 WL 5896527, at *2 (3d Cir. Dec. 14, 2021) (affirming District Court's determination that prison conditions did not present an extraordinary and compelling circumstances which warranted compassionate release).

Likewise, Davis's good behavior and coursework cannot serve as a basis for compassionate release as a matter of law. Though this Court commends Davis on his efforts towards rehabilitation and his completion of various programs, an individual's "rehabilitation" cannot be considered an extraordinary and compelling reason which warrants a reduction in his sentence. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, cmt. n.3; *United States v. Claudio*, 2022 WL 1623650, at *3 (E.D. Pa. May 23, 2022).

As there do not exist extraordinary or compelling circumstances which warrant a reduction in Davis's sentence, his Motion for compassionate release must be denied.

An appropriate order follows.

                                                    **BY THE COURT:**

                                                    */s/ Wendy Beetlestone*

                                                    **WENDY BEETLESTONE, J.**